IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MELVIN L. COX, JR., | : | |
| Plaintiff | : | |
| VS. | : | NO. 1:06-CV-35 (WLS) |
| Dr. FATHY SADD; MEDICAL COLLEGE OF GEORGIA, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendants | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| | : | **RECOMMENDATION** |

Plaintiff **MELVIN L. COX, JR**, an inmate at Autry State Prison in Pelham, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated April 12, 2006, the Court granted his application to proceed *in forma pauperis* and ordered plaintiff to pay a initial partial filing fee. Plaintiff has paid the initial partial filing fee as ordered.

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two

elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff alleges that on November 4, 2005, he was involved in a fight and received injuries to his left cheek. According to plaintiff, he saw Physician Assistant Smith on November 7, 2005 and he ordered x-rays and pain medication for plaintiff. Plaintiff states that on November 9, 2005 he inquired about the pain medication and was told that Dr. Sadd had declined to order it.

Plaintiff alleges that he submitted another sick call request and was seen by Dr. Sadd. According to plaintiff, Dr. Sadd forcefully pushed plaintiff's left cheek, told him that his cheek was not fractured, and refused again to prescribe pain medication.

Plaintiff states that Physician Assistant O'Neil, Mr. Dunaway with Inmate Affairs, his counselor Mrs. Atkins, and Deputy Warden Jones have all told him that he needs treatment, but Dr. Sadd still refuses his numerous requests for medical care.

Plaintiff states that he is still suffering from sharp pains that shoot through the left side of his face. He states that it is hard to breathe out of his left nostril and he has no feeling in the left side of his mouth. According to plaintiff, the entire left side of his face is "sunken in" due to the broken cheekbone.

Plaintiff has named the Medical College of Georgia as a defendant because it "employs Dr. Sadd." However, plaintiff has not shown that the Medical College of Georgia played any role in the allegedly inadequate medical care he has received. Courts have held that "[a] defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Therefore, the Medical College of Georgia cannot be held liable for the action or inaction of its employee in this § 1983 action. Consequently, it is **RECOMMENDED** that the Medical College of George be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 8th day of May, 2006.

                                         */s/ Richard L. Hodge*
                                         RICHARD L. HODGE
                                         UNITED STATES MAGISTRATE JUDGE