IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MELVIN L. COX, JR., | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 1:06-CV-35 (WLS) |
| Dr. FATHY SADD, and MEDICAL COLLEGE OF GEORGIA, | : |
| Defendants. | : |

**RECOMMENDATION**

Pending at docket entry # 16 is what the plaintiff has styled "Motion to Protect Civil Rights of Plaintiff's 14th Amendment/Do Process," filed on May 31, 2006. Reading this motion causes the undersigned to believe that the plaintiff, who is proceeding *in forma pauperis* (but who is paying the civil filing fee in installments) is seeking injunctive relief for more postage and writing supplies. Assuming that the undersigned has correctly construed plaintiff's motion, it is hereby **RECOMMENDED** that his motion be **DENIED** for three separate and distinct reasons.

First, the motion is not accompanied by a Certificate of Service as required by Federal Rule of Civil Procedure 5(d) and as plaintiff has been previously instructed by the court (see docket entry # 10, filed May 8, 2006). For this reason the court may not properly consider this motion.

Secondly, this motion appears to seek injunctive relief from the Department of Corrections of Georgia, who is not a party to these proceedings and who therefore may not be enjoined herein.

Thirdly, plaintiff's motion is premature insofar as his request for additional postage and writing supplies with which to engage in discovery are concerned.  In the order appearing at docket entry # 10, filed on May 8, 2006, the plaintiff was directed as follows with regard to the commencement of discovery.

> Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.

When plaintiff filed the instant motion on May 31, 2006, no answer had yet been filed, thus the discovery period had not commenced.  Plaintiff therefore had no need for any postage or writing supplies with which to conduct discovery at the time he filed this motion.

As was earlier stated, for the above and foregoing reasons, it is the **RECOMMENDATION** of the undersigned that this motion be **DENIED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 21st day of June 2006.

      */s/ Richard L. Hodge*
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE