IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MELVIN L. COX, JR., :
:
    Plaintiff, :
: CIVIL ACTION FILE
VS. : NO. 1:06-CV-35 (WLS)
:
Dr. FATHY SADD, and MEDICAL :
COLLEGE OF GEORGIA, :
:
    Defendants. :

**O R D E R**

Pending at docket entry # 17 is a motion filed by plaintiff in which he seeks permission to obtain discovery, which was evidently prepared by plaintiff on May 29, 2006, and received by the Clerk of Court on June 1, 2006.  For the reasons set out below plaintiff's motion is **DENIED.**

The motion is not accompanied by a Certificate of Service as required by Federal Rule of Civil Procedure 5(d) and as plaintiff has been previously instructed by the court (see docket entry # 10, filed May 8, 2006).  For this reason the court may not properly consider this motion.  For future motions plaintiff is advised to read and comply with Rule 5(d) and that portion of the May 8, 2006, order which directed service upon the defendant and provided plaintiff with certain procedural instructions relative to prosecuting this civil action.  For the plaintiff's convenience, the portion of that order addressing the filing of documents with the court and certificates of service, is now restated.

> It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are

> represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties.

At the time of the filing of this motion it was premature as no answer had yet been filed. Again plaintiff is advised to become familiar with the contents of the May 8, 2006, order and the directives contained therein relative to discovery which are now set out below.

> Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**
>
> IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.
>
> Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/part. The undersigned incorporates herein those parts of the **Local Rules**

>imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

Defendant's answer herein was filed on June 2, 2006, at which time the ninety (90) day discovery commenced. Hence, consistent with the above directives, plaintiff does not need permission from the court to engage in discovery after June 2, 2006.

SO ORDERED, this 21st day of June 2006.

>*/s/ Richard L. Hodge*
>RICHARD L. HODGE
>UNITED STATES MAGISTRATE JUDGE