IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MELVIN COX, JR., | : | |
| Plaintiff | : | |
| VS. | : | 1 : 06-CV-35 (WLS) |
| FATHY SAAD, M.D.[1], | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff filed this action in March 2006, raising allegations of deliberate indifference to his serious medical needs following an altercation with another inmate at Autry State Prison on November 4, 2005. Presently pending are the plaintiff's Motion for Injunctive Relief and the defendant's Motion for Summary Judgment.

In his complaint, the plaintiff alleges that on November 4, 2005, he was involved in an altercation with another inmate, and that on November 7, 2005, he reported to medical, where P.A. Smith ordered x-rays and pain medication for injuries to the plaintiff's face. Plaintiff was informed on November 9, 2005, that Dr. Saad had refused to approve the orders for pain medications and x-rays. Plaintiff was later examined by Dr. Saad, who, according to the plaintiff, "very forcefully started pushing on my left cheek", and stated "there was no fracture and that I didn't need any pain medication." Plaintiff maintains that although other medical and prison personnel believe that he suffered a fracture of his facial bones, no one could or would

---

[1] Although the plaintiff's complaint lists the defendant's name as "Fathy Sadd, M.D.", the correct spelling of the defendant's name appears to be "Saad".

override Dr. Saad's decision not to pursue further medical treatment for his injuries. Plaintiff did not receive pain medication and x-rays until January 30, 2006. Plaintiff asserts that he continues to suffer breathing problems and pain as a result of the injuries suffered to his face on November 4, 2005. He claims that "Dr. Saad has delibertly [sic] neglected to take exrays [sic] and give me pain medication. He has delibertly [sic] refused to fix my face or to send me to an orthopedic doctor or bone specialest [sic]."

*Motion for injunctive relief*

In his motion for injunctive relief, filed on July 6, 2006, the plaintiff seeks an order transferring him to a state prison that has an ear, nose and throat specialist and orthopedist on staff, so that he can receive needed medical care. In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motions reveals no basis for the issuance of an injunctive order. The plaintiff has not established that he is entitled to injunctive relief, i.e., there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries. Within his motion, the plaintiff appears to state that he

is continuing to receive medical care, although perhaps not to the level that he desires. It does not appear that the plaintiff's complaints are the proper basis for the issuance of injunctive relief at this time. Accordingly, it is the recommendation of the undersigned that the plaintiff's Motion for a Temporary Restraining Order be **DENIED**.

*Motion for summary judgment*

Also pending herein is a motion for summary judgment filed by Dr. Saad. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). The basis for Dr. Saad's summary judgment motion, as set out in his Statement of Undisputed Material Facts, is that "Plaintiff received medical attention. Plaintiff was examined by

3

Defendant Fathy Sadd, M.D.  Specifically, Plaintiff requested to see a doctor and was seen by Dr. Sadd."

Although his summary judgment motion is unaccompanied by any supporting documentation or affidavit testimony, Dr. Saad argues that the plaintiff cannot show that Dr. Saad was deliberately indifferent to any of his medical needs, by virtue of the undisputed fact that the plaintiff received some form of treatment or examination from Dr. Saad and others.  Dr. Saad further argues that the plaintiff has failed to place any verifying medical evidence into the record to establish either a serious medical need or deliberate indifference thereto, that he is entitled to qualified immunity, and that the plaintiff failed to exhaust his administrative remedies under the PLRA.

In response to the defendant's summary judgment motion, the plaintiff has submitted a series of unsworn responses and copies of certain prison medical records.  The plaintiff admits that he was seen by Dr. Saad, but argues that Dr. Saad refused to treat his injuries, causing him unnecessary pain and suffering and disfigurement of his face.  The medical records submitted by the plaintiff indicate that Dr. Saad saw the plaintiff for complaints of a facial injury in early November 2005, that Dr. Saad placed a hold on and ultimately cancelled orders for x-rays, and that after the plaintiff continued requesting medical attention for his facial injuries, a CT scan taken on February 1, 2006, showed that the plaintiff had a fracture of the nasal bridge and possible fracture of the left infraorbital rim.  A follow-up CT scan showed that the plaintiff had in fact suffered a "left zygomatic arch fracture involving the inferior orbital wall and extending into the anterior and lateral maxillary sinus walls."  Plaintiff's exhibit #9.

The undersigned finds that the plaintiff's submission of medical records showing some

level of injury to his face that Dr. Saad examined but apparently ignored and delayed in treating is sufficient to overcome the defendant's summary judgment showing.  Although the undersigned acknowledges that the plaintiff failed to submit testimony in the form of sworn statements, his submission of medical records that appear to support his contentions is sufficient to overcome the defendant's weak, almost non-existent summary judgment showing, that failed to rely on any affidavit testimony or evidentiary basis, and was based only on defendant's assertion in his brief that he saw the plaintiff when he requested medical attention and that therefore there could be no deliberate indifference to serious medical needs.  Similarly, the defendant has failed to submit any evidentiary support for his assertion that the plaintiff failed to exhaust his administrative remedies under the PLRA.  Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **DENIED** at this time.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 13th day of November, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb