IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MELVIN COX,                                          :
                                                    :
            Plaintiff                               :
                                                    :
                                                    :
    VS.                                             :        **1 : 06-CV-35 (WLS)**
                                                    :
FATHY SAAD, M.D.,                                   :
                                                    :
                                                    :
            Defendant.                              :

_____

**ORDER AND RECOMMENDATION**

The plaintiff filed this action in March 2006, raising allegations of deliberate indifference

to his serious medical needs following an altercation with another inmate at Autry State Prison on

November 4, 2005.  Presently pending are various motions filed by the plaintiff.

In his motions seeking subpoenas as well as a motion for the issuance of the writ of habeas

corpus ad testificandum, the plaintiff presents a list of witnesses he would like to call at trial and

asks that these witnesses be called to provide support for his claims.  These motions are

premature at this time and are hereby **DENIED** as same.  If and when this matter proceeds to

trial, the court will review the plaintiff's requests for witness subpoenas.  The plaintiff has also

filed motions in limine, seeking to have certain issues narrowed for trial.  These motions are

premature as well and are **DENIED**.  In response to plaintiff's Motion to Compel, the defendant

states that the plaintiff has never served any related discovery requests and asserts that plaintiff's

motion to compel is therefore without merit.  Plaintiff's Motion to Compel is also unaccompanied

by a good faith statement that the plaintiff has attempted to resolve any discovery dispute with

defense counsel prior to seeking court intervention.  Plaintiff's Motion to Compel is therefore

**DENIED**.

Plaintiff's Motion for Leave to File additional exhibits is hereby **GRANTED**, although the court notes that this matter is not yet proceeding to trial and the pending motions for summary judgment have been recommended dismissed.

Plaintiff's request for a settlement in this matter presents nothing for this court's review and is hereby **DENIED**.  If the plaintiff wishes to meet with defense counsel to discuss a settlement herein, he should confer directly with defense counsel.  Plaintiff's Motion for an Order for State Funds so that a plastic surgeon can evaluate plaintiff is also **DENIED** at this time.

Finally, the plaintiff has once again petitioned this court to appoint legal counsel to represent him in the above-styled proceeding brought pursuant to 42 U.S.C. § 1983.  The court has previously indicated that on its own motion it will consider obtaining legal representation for the plaintiff if and when it becomes apparent that such legal assistance is required to avoid prejudice to his rights.  Thus far, the plaintiff has clearly set forth his contentions.  The plaintiff has not alleged any change in the case such that exceptional circumstances now exist to warrant appointment of legal counsel and the court is of the opinion that legal assistance is not now required.  Accordingly, the plaintiff's Motion for Appointment of Counsel is **DENIED**.

### *Motion for Summary Judgment*

Plaintiff has also filed a motion for summary judgment.  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may

not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Van T. Junkins & Assoc. v. U.S. Industries, Inc.</u>, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the plaintiff has the initial burden to demonstrate that no genuine issue of material fact remains in this case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604 (11th Cir. 1991). In an effort to make said demonstration, the plaintiff relies only a brief, an unsworn statement of facts, and certain prison records. Making all factual and credibility determinations in favor of the defendants, the nonmoving parties herein, it is clear that the plaintiff has failed to satisfy his burden of establishing that no genuine issues of material fact remain in this case. Plaintiff's summary judgment motion consists merely of a reiteration of his claims as set out in his complaint, in addition to summary conclusions that the facts as alleged establish the violation of his constitutional rights. Accordingly, it is the recommendation of the undersigned that the plaintiff's motion for summary judgment be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 27th day of July, 2007.


 /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb